UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT PREMISES CONTROLLED BY GOOGLE LLC PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. §§ 2, 371, 1512(c)(2), 1752(a), AND 40 U.S.C. §§ 5104(e)(2)(D) AND (G) | SC No. 21-sc-1711<br><br>Filed Under Seal |

### FIRST APPLICATION FOR NONDISCLOSURE ORDER UNDER 18 U.S.C. § 2705(b)

The United States of America, by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order precluding the provider from notifying any person of the above-captioned search warrant and the application and affidavit in support thereof, and all attachments thereto and other related materials (collectively, the "Warrant") under 18 U.S.C. § 2705(b). In regard to the nondisclosure, the proposed Order would direct Google LLC ("PROVIDER"), an electronic communication service provider and/or a remote computing service provider located in Mountain View, California, not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence or content of the Warrant for a period of 90 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

### JURISDICTION

1. This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC. *See* 18 U.S.C. § 3237.

**FACTUAL BACKGROUND**

2. Execution of the Warrant is part of the Government's ongoing criminal investigation into possible violations of 18 U.S.C. §§ 1512(a), 1752(a)(1) and (2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G), and aiding and abetting (18 U.S.C. § 2) and conspiracy (18 U.S.C. § 371) by Arthur Stanley JACKMAN and other identified and unidentified individuals. Specifically, this investigation concerns the attack on the U.S. Capitol on January 6, 2021, including efforts by identified and unidentified persons to (i) willfully and knowingly enter the United States Capitol, without legal authority, (ii) participate in violent and disorderly conduct, and (ii) corruptly obstruct, influence, or impede an official proceeding. The Warrant seeks information, including content, for PROVIDER account(s) linked to JACKMAN and others' plans, motivation, and intent to commit the crimes under investigation, as well as the identity and whereabouts of persons who collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation.

**LEGAL BACKGROUND FOR NONDISCLOSURE**

3. PROVIDER provides an "electronic communications service," as defined in 18 U.S.C. § 2510(15), and/or a "remote computing service," as defined in 18 U.S.C. § 2711(2). The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2713, governs how PROVIDER may be compelled to supply communications and other records related to that service using a subpoena, court order, or search warrant. Specifically, Section 2703(c)(2) authorizes the Government to obtain certain basic "subscriber information" using a subpoena, Section 2703(d) allows the Government to obtain other "non-content" information using a court order, and Section 2703(a), (b)(1)(A), and (c) allows the Government to obtain contents of communications, as well as non-

content information and records or other information about a subscriber or customer of such service, by means of a properly-issued search warrant. *See* 18 U.S.C. § 2703(a)-(c).

4. The government is not required to notify the customer or subscriber of the Warrant or information obtained pursuant to the Warrant. 18 U.S.C. § 2703(a), (b)(1), (c)(3).[1]

5. The SCA does not set forth any obligation for providers to notify subscribers about subpoenas, court orders, or search warrants under Section 2703. However, many have voluntarily adopted policies of notifying subscribers about such legal requests. Accordingly, when necessary, Section 2705(b) of the SCA enables the Government to obtain a court order to preclude such notification. In relevant part, Section 2705(b) provides as follows:

> (b) **Preclusion of notice to subject of governmental access**. — A governmental entity acting under section 2703 . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
> (1) endangering the life or physical safety of an individual;
> (2) flight from prosecution;
> (3) destruction of or tampering with evidence;
> (4) intimidation of potential witnesses; or
> (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b). The United States District Court for the District of Columbia has made clear that a nondisclosure order under Section 2705(b) must be issued once the Government makes the requisite showing about potential consequences of notification:

---

[1] 18 U.S.C. § 2703(b)(1)(A) provides that a "governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication . . . (A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure . . . by a court of competent jurisdiction."

> The explicit terms of section 2705(b) make clear that if a courts [*sic*] finds that there is reason to believe that notifying the customer or subscriber of the court order or subpoena may lead to one of the deleterious outcomes listed under § 2705(b), the court must enter an order commanding a service provider to delay notice to a customer for a period of time that the court determines is appropriate. Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.

*In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014).

6. Accordingly, this application sets forth facts showing reasonable grounds to command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Warrant for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

## REQUEST FOR NONDISCLOSURE

7. In this matter, the government requests that the PROVIDER and its employees be directed not to notify any other person of the existence or content of the Warrant (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of 90 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

8. Such an order is appropriate because the Warrant relates to an ongoing criminal investigation, the extent of which is neither public nor known to all of the subject(s) of the investigation. JACKMAN was arrested on March 30, 2021 and is on pretrial release. However, the government is continuing its investigation of JACKMAN's various electronic accounts. The government expects that it may learn about additional accounts (such as email accounts) through its review of JACKMAN's cellular telephone and email account, which will happen over the next

few months.  Thus, until such time, there is a risk that if JACKMAN were notified of the existence of search warrant for his email account information, he would delete electronic evidence on other accounts of his of which the government is not aware.  Moreover, as alleged in the above-captioned warrant, JACKMAN appears to have coordinated with other defendants and potential targets on January 6, 2021.  Given the publicity surrounding the arrests of individuals connected to the January 6, 2021 riots, targets who have not yet been arrested but who know JACKMAN may attempt to flee or destroy evidence, particularly electronic evidence, if they were notified by JACKMAN that the Warrant had been served on PROVIDER.  There is reason to believe that there is electronic evidence of the target's crimes in this case because the target was seen at the U.S. Capitol building using his cellular telephone.  The Warrant seeks information, including content, for the target's electronic accounts.

9. Therefore, based on the foregoing, there are reasonable grounds to believe that disclosure of the Warrant would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation.  *See* 18 U.S.C. § 2705(b)(2)-(5).  Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Warrant for a period of 90 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.  Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the government will make best efforts to notify the Court promptly and seek appropriate relief.

ACCORDINGLY, it is respectfully requested that the Court grant the attached order directing that PROVIDER shall not notify any other person (except attorneys for PROVIDER for

the purpose of receiving legal advice) of the existence or contents of the Warrant for 90 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

        Respectfully submitted,

        CHANNING M. PHILLIPS
        ACTING UNITED STATES ATTORNEY
        D.C. Bar Number 415793

By:    */s/ Nadia E. Moore*
       Nadia E. Moore
       NY Bar No. 4826566 (Detailee)
       Assistant United States Attorney
       555 4th Street, N.W.
       Washington, D.C. 20530
       (718) 254-6362
       nadia.moore@usdoj.gov